WILLIAMS, Judge.
The Board of Levee Commissioners of the Orleans Levee District (hereinafter Board) expropriated certain lands in Orleans Parish for flood control purposes from 27 persons, or entities. Two of the owners filed oppositions claiming that they were not given the proper value for the expropriated lands. The case was reviewed by Charles P. Rivet, Commissioner and Judge ad hoc. After hearing testimony of the witnesses and reviewing the nature of the land, Judge Rivet accepted the Board’s valuation for the expropriated lands and increased the amount computed for severance damage to the remainder of the property not taken. Defendants filed an opposition to his findings and this opposition was heard by the trial court which rendered a judgment decreeing that the Commissioner’s report be made the judgment of the court. Of the original defendants, Mr. and Mrs. Robie Evers, perfected this appeal.
The plaintiffs’ basic allegation is that the trial court failed to recognize comparable *955 sales subsequent to the date of taking, that the sales used for comparables accepted by the court were more distant in time from the taking than those presented by plaintiff, and that the trial court improperly relied on opinion testimony from lay witnesses for the value of the land expropriated. After reviewing the record, we find that these allegations are without merit.
The expropriated lands were part of an undeveloped, “paper” subdivision. The comparables used established that plaintiffs lands were worth $.34 per square foot for inaccessible lots, and $.52 per square foot for accessible lots. Defendants claim the value of the inaccessible land to be $1.75 per square foot and the accessible land to be $1.85 per square foot. It is the opinion of this court that the comparables given by the Board’s appraisers were accurate, fair and reasonable, representing the fair market value of the property at the time of expropriation. Defendant’s appraisers relied on comparables for lots on developed highways, commercial areas and high-priced, developed residential subdivisions such as Tall Timbers. These areas are hardly comparable to the expropriated property which was in an undeveloped, residential subdivision without streets and utilities and the lower court was justified in distinguishing the comparable properties presented by defendants from the property which is the subject of this appeal.
In addition to the sums received for the expropriated lands, Mr. and Mrs. Evers received severance damages for property not expropriated. In computing the damages, the Board’s appraisers took into account the fact that the ares adjoin other properties and therefore could be sold to adjoining owners or utilized by the present owner.
The remainder of the property not expropriated from the defendants amounted to 1525.56 square feet located across a levee from the highway; therefore, in order to reach the property the owners would have to cross over the levee. Additionally, due to zoning restrictions the property cannot be built upon. The Board’s appraisers computed the severance damages at 50% of the valuation of the property, or at $239.06. The trial court felt that because the remainder of the property was no longer usable as an economic entity severance damage to the remainder should be considered as total and computed at $488.18. This court agrees that the severance damage should be computed at 100%; however, we find an error in the computation and find that the severance damage should have been computed at $518.69, figured at the rate of $.34 per square foot for 1525.56 square feet. In all other respects the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED.